# Exhibit "A"



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 27893038**
**Date Processed: 10/26/2023**

| | |
|---|---|
| **Primary Contact:** | Arnold D'Angelo<br>Zurich North America<br>1299 Zurich Way<br>Schaumburg, IL 60196-1056 |

| | |
|---|---|
| **Electronic copy provided to:** | Hank Russell |

| | |
|---|---|
| **Entity:** | American Zurich Insurance Company<br>Entity ID Number  2746773 |
| **Entity Served:** | American Zurich Insurance Company |
| **Title of Action:** | Bet Midrash Ohr Ha-Chayim Ha-Kadosh, Inc. vs. American Zurich Insurance Company |
| **Matter Name/ID:** | Bet Midrash Ohr Ha-Chayim Ha-Kadosh, Inc. vs. American Zurich Insurance Company (14777031) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Broward County Circuit Court, FL |
| **Case/Reference No:** | CACE-23-019812 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 10/26/2023 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | FL Chief Financial Officer on 10/25/2023 |
| **How Served:** | Electronic SOP |
| Sender Information: | The Property People FL, P.A.<br>844-776-7364 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

*23-000524424*

**CHIEF FINANCIAL OFFICER**
**JIMMY PATRONIS**
STATE OF FLORIDA

| | |
|---|---|
| BET MIDRASH OHR HA-CHAYIM HA-KADOSH, INC. | **CASE #:** CACE-23-019812 |
| | **COURT:** CIRCUIT |
| PLAINTIFF(S) | **COUNTY:** BROWARD |
| | **DFS-SOP #:** 23-000524424 |
| VS. | |
| AMERICAN ZURICH INSURANCE COMPANY | |
| DEFENDANT(S) | |
| _____/ | |
| SUMMONS, COMPLAINT | |

# <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Wednesday, October 25, 2023 and a copy was forwarded by ELECTRONIC DELIVERY on Thursday, October 26, 2023 to the designated agent for the named entity as shown below.

AMERICAN ZURICH INSURANCE COMPANY
LYNETTE COLEMAN
1201 HAYS STREET
TALLAHASSEE, FL 32301

**\*Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule 1.080.**

*Jimmy Patronis*

Jimmy Patronis
Chief Financial Officer

DANIEL ILANI
THE PROPERTY PEOPLE FL, PA
117 NE 1ST AVE
UNIT 15-104
MIAMI, FL 33132

TG1

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

BET MIDRASH OHR HA-CHAYIM HA-
KADOSH, INC.,                                        Case No.:

      Plaintiff(s),                                      CACE-23-019812

vs.

AMERICAN ZURICH INSURANCE
COMPANY,

      Defendant.

_____/

## <u>CIVIL ACTION SUMMONS</u>

**STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:**

      **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint in this action on defendant:

**AMERICAN ZURICH INSURANCE COMPANY
C/O CHIEF FINANCIAL OFFICER
200 E. GAINES STREET
TALLAHASSEE, FLORIDA 32399**

Defendant is required to serve written defenses to the Complaint on Plaintiff(s)' attorney, to wit: PROPERTY PEOPLE FL, P.A., 117 NE 1ST AVE, UNIT 15-104, MIAMI, FL 33130, SERVICE@PROPERTYPEOPLELAW.COM, within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff(s)' attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

                   OCT 23 2023
      **DATED ON** _____

                  Clerk of the Court

                  By:_____

                  As Deputy Clerk



BRENDA D. FORMAN



# THE PROPERTY PEOPLE
property damage lawyers



80 SW 8th St. Suite 2590 Miami, FL 33130     info@propertypeoplelaw.com | #844-PROP-DMG

October 18, 2023

AMERICAN ZURICH INSURANCE COMPANY

Re:    Insured:            BET MIDRASH OHR HA-CHAYIM HA-KADOSH, INC.
        Claim No.:       5630092755
        Policy No.:       ER74028382
        Date of Loss:    March 14, 2023
        Property Location:   1720 Harrison St #2A/3A Hollywood, FL 33020

Dear Sir or Madame:

Pursuant to Florida Rule of Civil Procedure 1.310, Plaintiff(s), BET MIDRASH OHR HA-CHAYIM HA-KADOSH, INC., intends to take the deposition of Defendant, AMERICAN ZURICH INSURANCE COMPANY's (the "Insurance Company"), corporate representative or representatives, including, but not limited to, the desk adjuster(s) and field adjuster(s), with respect to the following areas of inquiry in relation to the claim (the "Claim") underlying the above-referenced lawsuit:

1. The identity, by full name and company title, of all those persons who participated in making the decision on behalf of the Insurance Company to withhold, deny or authorize payments;

2. The assessment, evaluation, and valuation of damages;

3. The terms, limitations, exclusions, and conditions within the Insurance Company's insurance policy it contends apply to exclude or limit coverage;

4. The terms, limitations, exclusions, and conditions within the Insurance Company's insurance policy which it contends apply to exclude or limit damages;

5. The allegations in the most recent version of the Complaint;

6. The Insurance Company's Responses and Answers to discovery requests, including any basis, factual or otherwise, for its Answers and Responses;

7. The factual basis for any and all denials and affirmative defenses raised by the Insurance Company in the most recent version of the Answer;

8. The Insurance Company's investigation, adjustment, and handling of the Claim from the date of loss until the date the lawsuit was filed on the Claim;

9. The date and circumstances which gave rise to the Insurance Company's reasonable expectation or belief that litigation would ensue, result, or arise regarding the Claim;

10. The terms, conditions, limitations and exclusions within the Insurance Company's insurance policy which it contends it has complied with in adjusting the Claim;

11. Any actions or omissions which the Insurance Company claims voided or excluded coverage; and

12. The identity of the person or persons who participated in retaining any of the engineers or damage repair experts to evaluate the Claim and the results, findings, work, tests, surveys, and evaluations done by the engineers or damage repair experts.

At your earliest convenience, please kindly provide dates when the designated corporate representative or representatives, desk adjuster(s), and field adjuster(s) are available for deposition.

Sincerely,
Daniel Ilani, Esq.

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

BET MIDRASH OHR HA-CHAYIM HA-
KADOSH, INC.,                                                      Case No.:

     Plaintiff(s),

vs.

AMERICAN ZURICH INSURANCE
COMPANY,

     Defendant.

_____/

## **COMPLAINT**

    Plaintiff(s), BET MIDRASH OHR HA-CHAYIM HA-KADOSH, INC., sues Defendant,

AMERICAN ZURICH INSURANCE COMPANY (the "Insurance Company"), and alleges as

follows:

1. This is an action for damages in excess of $50,000.00, exclusive of attorneys' fees, costs, and
   prejudgment interest.

2. At all material times, Plaintiff(s) resided and continues to reside in BROWARD County,
   Florida.

3. The Insurance Company is a corporation licensed to do business in Florida and, at all
   material times hereto, has been conducting business in BROWARD County, Florida.

4. Venue is proper in BROWARD County, Florida because the contract, which forms the
   subject matter of this lawsuit, was executed in BROWARD County, Florida.

5. At all material times, Plaintiff(s) entered into an insurance contract with the Insurance
   Company bearing policy number ER74028382 (the "Policy"), which provided property
   insurance for Plaintiff(s)' property located at 1720 Harrison St #2A/3A Hollywood, FL
   33020 (the "Property").

6. The Policy provided insurance coverage for the Property at all relevant times.

7. On or around March 14, 2023, the Property suffered substantial damage as a result of Water Damage.

8. The Policy provided coverage for all of the losses, damages, and expenses that Plaintiff(s) suffered and incurred.

9. In accordance with the terms and conditions of the Policy, Plaintiff(s)properly and timely notified the Insurance Company of their claim.

10. The Insurance Company acknowledged Plaintiff(s)' claim and assigned claim number 5630092755 (the "Claim").

11. Thereafter, the Insurance Company improperly denied and/or underpaid Plaintiff(s)' Claim.

12. To date, the Insurance Company has failed and continues to refuse to adequately compensate Plaintiff(s) for the damage to the Property.

13. Plaintiff(s) has complied with all terms and conditions of the Policy, and all conditions precedent to the bringing of this action have been performed, waived, or excused.

14. Plaintiff(s) hired undersigned counsel for representation in this action and is obligated to pay attorneys a reasonable fee for their services.

15. Pursuant to Florida Statutes, section 627.428, Plaintiff(s) is entitled to recover the legal fees incurred in bringing this action.

## COUNT I – BREACH OF CONTRACT

16. Plaintiff(s) reincorporates paragraph 1 through 15 as if fully set forth herein.

17. It is undisputed that Plaintiff(s) and the Insurance Company entered into a written contract, the Policy, wherein Plaintiff(s) agreed to pay a premium and the Insurance Company agreed to insure Plaintiff(s)' Property.

18. The Insurance Company has wrongfully denied the covered loss in its entirety and/or willfully refused to pay the full extent of the costs of repairs for the Claim, which are covered under the Policy. As a result, the Insurance Company has material breached the Policy.

19. The Insurance Company's duty to provide coverage for the Claim is a condition precedent for Plaintiff(s) to receive the insurance benefits to which they are entitled under the terms of the Policy.

20. As of the date of the filing of this lawsuit, the Insurance Company has failed to (i) pay the real cost of repairs; and/or (ii) acknowledge or deny the cost of repairs as estimated; and/or (iii) make any payment of insurance proceeds to Plaintiff(s) for the cost of repairs as estimated. As a result of the foregoing, the Insurance Company has materially breached the Policy.

21. As a direct and proximate result of the Insurance Company's breach of the Policy, Plaintiff(s) has suffered and continues to suffer damages, exclusive of costs and attorneys' fees, within the jurisdictional limits of this Court.

WHEREFORE, Plaintiff(s) demands entry of a judgment in their favor and against the Insurance Company for damages within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff(s) demands a trial by jury of all issues so triable as a matter of right.

Respectfully submitted,
**The Property People FL, P.A.**
*Attorneys for Plaintiff(s)*
80 SW 8th Street, Suite 2590
Miami, FL 33130
Telephone: 844.776.7364
E-Service: Service@PropertyPeopleLaw.com

By: /s/ Daniel M. Ilani
Daniel M. Ilani, Esq.
Florida Bar No. 116189
Email: Danny@PropertyPeopleLaw.com
Nicole S. Houman, Esq.
Florida Bar No. 1013527
Email: Nicole@PropertyPeopleLaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this October 18, 2023, I electronically filed the foregoing document with the **Florida Courts E-Filing Portal** via transmission of Notices of Electronic Filing generated by Florida Courts E-Filing Portal (eservice@myflcourtaccess.com).

/s/ Daniel M. Ilani
Daniel M. Ilani

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

BET MIDRASH OHR HA-CHAYIM HA-
KADOSH, INC.,                        Case No.:

      Plaintiff(s),

vs.

AMERICAN ZURICH INSURANCE
COMPANY,

      Defendant.

_____/

## NOTICE OF DESIGNATION OF E-MAIL ADDRESS PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.516

PLEASE TAKE NOTICE that The Property People FL, P.A., hereby files this Notice of Designation of E-mail Address pursuant to Florida Rule of Judicial Administration 2.516 on behalf of Plaintiff(s), BET MIDRASH OHR HA-CHAYIM HA-KADOSH, INC., and requests that all pleadings be served upon the undersigned:

          Primary E-Service Designation:    Service@PropertyPeopleLaw.com

                             Respectfully submitted,
                             **The Property People FL, P.A.**
                             *Attorneys for Plaintiff(s)*
                             80 SW 8th Street, Suite 2590
                             Miami, FL 33130
                             Telephone: 844.776.7364
                             E-Service: Service@PropertyPeopleLaw.com

                             By: /s/ Daniel M. Ilani
                             Daniel M. Ilani, Esq.
                             Florida Bar No. 116189
                             Email: Danny@PropertyPeopleLaw.com
                             Nicole S. Houman, Esq.
                             Florida Bar No. 1013527
                             Email: Nicole@PropertyPeopleLaw.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this October 18, 2023, I electronically filed the foregoing document with the **Florida Courts E-Filing Portal** via transmission of Notices of Electronic Filing generated by Florida Courts E-Filing Portal (eservice@myflcourtaccess.com).

<u>/s/ Daniel M. Ilani</u>
Daniel M. Ilani

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

BET MIDRASH OHR HA-CHAYIM HA-
KADOSH, INC.,                                    Case No.:

      Plaintiff(s),

vs.

AMERICAN ZURICH INSURANCE
COMPANY,

      Defendant.

_____/

**<u>NOTICE OF REQUEST FOR DEPOSITION DATES</u>**

      Plaintiff(s), BET MIDRASH OHR HA-CHAYIM HA-KADOSH, INC., pursuant to Fla. R.

Civ. P. Rule 1.310, hereby files this Notice of Request for Deposition Dates from Defendant for the

individuals identified below. Please provide deposition dates for the following individuals:

1.    Defendant's designated corporate representative(s) pursuant to Fla. R. Civ. P. 1.310 (b)(6) that

      will be testifying about this claim and the defenses raised;

2.    All person(s) who inspected the property on behalf of Defendant regarding the date of loss

      and/or claim that is the subject of this lawsuit, including, but not limited to, the Defendant's

      field adjuster(s); and

3.    All person(s) who made or participated in the determination, denial, or underpayment of the

      subject claim(s), including, but not limited to, the Defendant's desk adjuster(s).

                         Respectfully submitted,
                         **The Property People FL, P.A.**
                         *Attorneys for Plaintiff(s)*
                         80 SW 8th Street, Suite 2590
                         Miami, FL 33130
                         Telephone: 844.776.7364
                         E-Service: <u>Service@PropertyPeopleLaw.com</u>
                         By: <u>/s/ Daniel M. Ilani</u>
                         Daniel M. Ilani, Esq.

Florida Bar No. 116189
Email: Danny@PropertyPeopleLaw.com
Nicole S. Houman, Esq.
Florida Bar No. 1013527
Email: Nicole@PropertyPeopleLaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this October 18, 2023, I electronically filed the foregoing

document with the **Florida Courts E-Filing Portal** via transmission of Notices of Electronic Filing

generated by Florida Courts E-Filing Portal (eservice@myflcourtaccess.com)

/s/ Daniel M. Ilani
Daniel M. Ilani

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

BET MIDRASH OHR HA-CHAYIM HA-
KADOSH, INC.,                                    Case No.:

      Plaintiff(s),

vs.

AMERICAN ZURICH INSURANCE
COMPANY,

      Defendant.

_____/

<u>NOTICE OF TAKING DEPOSITION DUCES TECUM</u>

**PLEASE TAKE NOTICE** that the undersigned attorneys will take the deposition  of:

| <u>Name</u> | <u>Date and Time</u> | <u>Location</u> |
|---|---|---|
| **Pursuant to Fla. R. Civ. P. 1.310(b)(6), Defendant's designated corporate representative with regard to the subject matters in Exhibit A.** | **TBD** | **Zoom Meeting ID and Information will be provided to counsel of record one day prior to scheduled deposition.** |

The deposition will be taken upon oral examination before a Notary Public, or any officer authorized by law to take depositions in the State of Florida. This oral examination will continue from day to day until completed. This deposition is being taken for the purpose of discovery, for the use at trial or for such other purposes as are permitted under the applicable and governing rules of Court.

In accordance with the Americans with Disabilities Act of 1990, persons needing special accommodation to participate in this proceeding should contact the within-named attorney at no later than seven days prior to the proceeding.

**Please see the attached Subpoena which will be served upon the deponent, attached hereto as Exhibit A, including document requests.**

Respectfully submitted,
**The Property People FL, P.A.**
*Attorneys for Plaintiff*
80 SW 8th Street, Suite 2590
Miami, FL 33130
Telephone: 844.776.7364
E-Service: Service@PropertyPeopleLaw.com
By: /s/ Daniel M. Ilani
Daniel M. Ilani, Esq.
Florida Bar No. 116189
Email: Danny@PropertyPeopleLaw.com
Nicole S. Houman, Esq.
Florida Bar No. 1013527
Email: Nicole@PropertyPeopleLaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this October 18, 2023, I electronically filed the foregoing document with the **Florida Courts E-Filing Portal** via transmission of Notices of Electronic Filing generated by Florida Courts E-Filing Portal (eservice@myflcourtaccess.com).

/s/ Daniel M. Ilani
Daniel M. Ilani

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

BET MIDRASH OHR HA-CHAYIM HA-
KADOSH, INC.,                                    Case No.:

      Plaintiff(s),

vs.

AMERICAN ZURICH INSURANCE
COMPANY,

      Defendant.

_____/

### SUBPOENA DUCES TECUM

STATE OF FLORIDA

      TO:   **Defendant's Corporate Representative**

      **YOU ARE HEREBY COMMANDED** to appear via **Zoom Video Conference** on **TBD**, and, ***at least ten days prior to Deposition***, shall produce all items regarding a loss at 1720 Harrison St #2A/3A Hollywood, FL 33020, with assigned Claim Number 5630092755, as well as:

### Definitions and Instructions

      **A.**   The terms "BET MIDRASH OHR HA-CHAYIM HA-KADOSH, INC." or "Plaintiff(s)" mean Plaintiff(s), BET MIDRASH OHR HA-CHAYIM HA-KADOSH, INC., including all of their past and present partners, employees, agents, representatives, attorneys, and any other person acting or purporting to act on their behalf.

      **B.**   The term "Insurance Company" means Defendant, AMERICAN ZURICH INSURANCE COMPANY, including all of its past and present affiliates, subsidiaries, and parent, and all their respective officers, directors, shareholders, partners, employees, agents, representatives, attorneys, and any other person acting or purporting to act on any of its behalf.

C.      The term "Property" shall mean the Plaintiff(s)' property concerning the subject lawsuit.

D.      The term "Claim" means the subject claim number, for the loss to Plaintiff(s)' Property concerning the subject lawsuit.

E.      "You" or "Your" shall mean Defendant, the Insurance Company, including its agents, employees or other servants (including independent contractors and subcontractors), attorneys, outside advisors or consultants, investigators, representatives of any kind and any other person acting on its behalf or for its benefit, either directly or indirectly.

F.      The term "communication" means the conveyance of information or knowledge by writing, orally or otherwise and includes, but is not limited to, writings, letters, memoranda, reports, notes, telegrams, interoffice communication electronic mail, audiotapes, videotapes, and computer programs and any form of electromagnetic storage.

G.      The term "document" means and includes any kind of written, typed, electronically produced or recorded or otherwise recorded and any graphic matter, however produced or reproduced, of any kind or description, whether sent or received, and every record of every type, including originals, non-identical copies and drafts, and both sides of any documentation where information appears on both sides, and including but not limited to: letters, correspondence, memoranda, meeting transcripts or minutes, public filings or tax returns, papers, books, telegrams, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, cables, telex messages, notes, notations, accountants' working papers, transcriptions, agendas, reports, recordings of telephone or other conversations, of interviews, of conferences or of meetings, telephone messages, diaries, indices, books, reports, ledgers, working papers, invoices, worksheets, receipts, computer printouts, financial statements, schedules affidavits, contracts, canceled checks, statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations

and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, affidavits, statements, summaries, opinions, reports, studies, analysis, evaluations, contracts, agreements, journals, statistical records, calendars, appointment books, diaries, lists, tabulations, sound recordings, computer print-outs, data processing input and output, microfilms, newspapers, magazines, books, periodicals or press releases, including information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored to which you have or had access. If any responsive information or documentation is stored on computer, then print out a hard or paper copy of such information or documentation or download such information or documentation to a floppy disk. "Document" shall also be deemed to include copies of documents even though the originals are not in your possession, custody or control; every copy of a document which contains handwritten or other notations or which otherwise does not duplicate the original of any other copy; and all attachments to any document. "Document" shall also be deemed to include any summary of a document or documents called for hereafter.

H.     As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neutral shall include each of the other genders.

I.     The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to make the request inclusive rather than exclusive. The term "all" means "any and all." The term "each" means "each and every," and the term "every" means "each and every."

J.     The terms "refer" or "relate to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

**K.**     "Relating to" means embodying, pertaining to, concerning, involving, constituting, comprising, reflecting, discussing, evidencing, referring to, consisting of, or having any logical or factual connection whatever with the subject matter in question.

**L.**     If you claim that the attorney-client or other privilege or attorneys' work product doctrine is applicable to any document the identification of which is sought by these requests, then with respect to each such document, state its date, author(s), recipient(s), present and all previous custodians, location, subject matter, and sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

**M.**     If you claim that the attorney-client or other privilege or the attorneys' work product doctrine is applicable to any event, occurrence, or communications, including any oral communication, the identification of which is sought by these requests, then with respect to each such event or occurrence, state its date, place and length, identify all persons present at all or any part of the event or occurrence; identify all documents that record, refer, or relate to the event or occurrence; state the subject matter of the event or occurrence; and provide sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

**N.**     If any document the identification of which is sought by these requests has been destroyed, then state the date and circumstances of its destruction, and identify the person who destroyed the documents and the person who ordered its destruction.

## **SCHEDULE A**

1. The identity, by full name and company title, of all those persons who participated in making the decision on behalf of the Insurance Company to withhold, deny or authorize payments; The assessment, evaluation, and valuation of damages;
2. The terms, limitations, exclusions, and conditions within the Insurance Company's insurance policy it contends apply to exclude or limit coverage;
3. The terms, limitations, exclusions, and conditions within the Insurance Company's insurance policy which it contends apply to exclude or limit damages;
4. The allegations in the most recent version of the Complaint;
5. The Insurance Company's Responses, Objections, and Answers to discovery requests, including any basis, factual or otherwise, for its Answers, Objections, and Responses;
6. The Plaintiff(s)' Responses, Objections, and Answers to discovery requests;
7. The factual basis for any and all denials and affirmative defenses raised by the Insurance Company in the most recent version of the Answer;
8. The Insurance Company's investigation, adjustment, and handling of the Claim from the date of loss to present date;
9. The date and circumstances which gave rise to the Insurance Company's reasonable expectation or belief that litigation would ensue, result, or arise regarding the Claim;
10. The terms, conditions, limitations and exclusions within the Insurance Company's insurance policy which it contends it has complied with in adjusting the Claim;
11. Any actions or omissions which the Insurance Company claims voided or excluded coverage;
12. The identity of the person or persons who participated in retaining any of the engineers or damage repair experts to evaluate the Claim and the results, findings, work, tests, surveys, and evaluations done by the engineers or damage repair experts.
13. The pre-loss condition of the Property as memorialized in the underwriting file, including any pre-loss inspections, pre-loss inspection reports, and pre-loss photographs.
14. Discovery responses and responsive documents;
15. Prior property damage insurance claims on the Property and the damage sustained.

## SCHEDULE B

### DUCES TECUM
### Items to be Produced

1. A certified copy of the Policy.
2. All statements taken of Plaintiff(s).
3. All statements taken of all independent witnesses or other persons by the Insurance Company relating to coverage for Plaintiff(s)' Claim.
4. All documents reflecting communications between you and Plaintiff(s) relating to the Claim.
5. All photographs of the Property relating to the Claim, including any thermal imagery. With respect to this request, please also include the original JPEG or TIFF digital files, or digital image files converted directly from the native digital format, including all metadata.
6. All video recordings in original digital format, including any drone footage, along with all metadata, of the Property relating to the Claim.
7. All documents submitted to you by Plaintiff(s) relating to the Claim.
8. All diagrams, sketches and other drawings depicting the Property relating to the Claim.
9. All reports and estimates relating to the damage to the Property.
10. All documents relating to assessments as to the damage to the Property.
11. All documents reflecting negotiations for payment(s) of money relating to damage to the Property.
12. All documents relating to the coverages the Policy affords to Plaintiff(s).
13. All documents relating to your decision not to fully compensate Plaintiff for their Claim.
14. All documents to and from adjusters and/or appraisers relating to coverage for Plaintiff(s)' Claim.
15. All photographs, inspection reports, or other documents relating to the condition of Plaintiff(s)' Property prior to Plaintiff(s)' Claim, including all inspection reports prepared by the Insurance Company before deciding to insure Plaintiff(s)' Property. With respect to photographs, please also include all original JPEG or TIFF format digital files, or digital image files converted directly from the native digital format, including all metadata.
16. All photographs, inspection reports, or other documents relating to the condition of Plaintiff(s)' Property subsequent to Plaintiff(s)' Claim. With respect to photographs, please also include all original JPEG or TIFF format digital files, or digital image files converted directly from the native digital format, including all metadata.
17. All documents confirming the dates and times that you inspected Plaintiff(s)' Property within the past 5 years.
18. All documents reflecting the areas of Plaintiff(s)' Property inspected within the past five years.
19. All documents reflecting the individuals that inspected Plaintiff(s)' Property on your behalf within the past five years.
20. The underwriting file for the Policy.
21. Any and all statements that can be attributed to Plaintiff(s), including, but not limited to, any claim log notes or entries memorializing, summarizing, transcribing, and/or documenting any statements made by Plaintiff(s) during pre-suit in accordance with Florida Rule of Civil Procedure 1.280. Defendant may produce claim log notes redacted to exclude all other privileged information.

You have the right to make a legal objection to the production of these materials under Florida Rules of Civil Procedure 1.410. If you fail to comply, you may be held in contempt of Court.

You may request reasonable costs of preparing these copies in advance by making written request within five (5) days.

A copy of this Subpoena has been furnished to all counsel of record.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this October 18, 2023, I electronically filed the foregoing document with the **Florida Courts E-Filing Portal** via transmission of Notices of Electronic Filing generated by Florida Courts E-Filing Portal (eservice@myflcourtaccess.com).

/s/ Daniel M. Ilani
Daniel M. Ilani

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

BET MIDRASH OHR HA-CHAYIM HA-
KADOSH, INC.,                                    Case No.:

      Plaintiff(s),

vs.

AMERICAN ZURICH INSURANCE
COMPANY,

      Defendant.

_____/

<u>NOTICE OF TAKING DEPOSITION DUCES TECUM</u>

**PLEASE TAKE NOTICE** that the undersigned attorneys will take the deposition  of:

| <u>Name</u> | <u>Date and Time</u> | <u>Location</u> |
|---|---|---|
| **Defendant's Desk Adjuster.** | **TBD** | **Zoom Meeting ID and Information will be provided to counsel of record one day prior to scheduled deposition.** |

The deposition will be taken upon oral examination before a Notary Public, or any officer authorized by law to take depositions in the State of Florida. This oral examination will continue from day to day until completed. This deposition is being taken for the purpose of discovery, for the use at trial or for such other purposes as are permitted under the applicable and governing rules of Court.

In accordance with the Americans with Disabilities Act of 1990, persons needing special accommodation to participate in this proceeding should contact the within-named attorney at no later than seven days prior to the proceeding.

**Please see the attached Subpoena which will be served upon the deponent, attached hereto as Exhibit A, including document requests.**

Respectfully submitted,
**The Property People FL, P.A.**
*Attorneys for Plaintiff*
80 SW 8th Street, Suite 2590
Miami, FL 33130
Telephone: 844.776.7364
E-Service: Service@PropertyPeopleLaw.com
By: /s/ Daniel M. Ilani
Daniel M. Ilani, Esq.
Florida Bar No. 116189
Email: Danny@PropertyPeopleLaw.com
Nicole S. Houman, Esq.
Florida Bar No. 1013527
Email: Nicole@PropertyPeopleLaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this October 18, 2023, I electronically filed the foregoing document with the **Florida Courts E-Filing Portal** via transmission of Notices of Electronic Filing generated by Florida Courts E-Filing Portal (eservice@myflcourtaccess.com).

/s/ Daniel M. Ilani
Daniel M. Ilani

**EXHIBIT A**

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

BET MIDRASH OHR HA-CHAYIM HA-
KADOSH, INC.,                                          Case No.:

      Plaintiff(s),

vs.

AMERICAN ZURICH INSURANCE
COMPANY,

      Defendant.

_____/

**<u>SUBPOENA DUCES TECUM</u>**

STATE OF FLORIDA

      TO:   **Defendant's Desk Adjuster**

     **YOU ARE HEREBY COMMANDED** to appear via **Zoom Video Conference** on **TBD**, and, ***<u>at least ten days prior to Deposition</u>***, shall produce all items regarding a loss at 1720 Harrison St #2A/3A Hollywood, FL 33020, with assigned Claim Number 5630092755, as well as testify to the subject matters described as follows:

**<u>EXHIBIT A</u>**

1. The identity, by full name and company title, of all those persons who participated in making the decision on behalf of the Insurance Company to withhold, deny or authorize payments; The assessment, evaluation, and valuation of damages;
2. The terms, limitations, exclusions, and conditions within the Insurance Company's insurance policy it contends apply to exclude or limit coverage;
3. The terms, limitations, exclusions, and conditions within the Insurance Company's insurance policy which it contends apply to exclude or limit damages;
4. The factual basis for any and all coverage determinations made;
5. The factual basis for any and all denials and affirmative defenses raised by the Insurance Company in the most recent version of the Answer;
6. The Insurance Company's investigation, adjustment, and handling of the Claim from the date of loss until the date the lawsuit was filed on the Claim;
7. The date and circumstances which gave rise to the Insurance Company's reasonable expectation or belief that litigation would ensue, result, or arise regarding the Claim;
8. The terms, conditions, limitations and exclusions within the Insurance Company's insurance policy which it contends it has complied with in adjusting the Claim;

9.  Any actions or omissions which the Insurance Company claims voided or excluded coverage;

10. The identity of the person or persons who participated in retaining any of the engineers or damage repair experts to evaluate the Claim and the results, findings, work, tests, surveys, and evaluations done by the engineers or damage repair experts.

11. The pre-loss condition of the Property as memorialized in the underwriting file, including any pre-loss inspections, pre-loss inspection reports, and pre-loss photographs.

12. Prior property damage insurance claims on the Property and the damage sustained.

## EXHIBIT B

## DUCES TECUM
## Items to be Produced

**ANY AND ALL** records and **YOUR ENTIRE FILE REGARDING** services rendered by and for AMERICAN ZURICH INSURANCE COMPANY regarding Claim Number 5630092755. Also bring the following materials and documents for inspection and/or copying:

1. All correspondence between you and the Plaintiff(s) regarding Claim Number: 5630092755, this litigation, including their agents, regarding the subject matter of this instant litigation.

2. All correspondence between you and the Defendant regarding Claim Number: 5630092755 and this litigation, including their agents, regarding the subject matter of this instant litigation.

3. All correspondence between the Plaintiff(s) and the Defendant regarding Claim Number: 5630092755 and this litigation, including their agents, regarding the subject matter of this instant litigation.

4. All expert reports, including but not limited to diagrams, photographs, notes, memoranda, field notes, samples, contracts, video tapes, correspondence, calculations, rough drafts, partial drafts, and laboratory reports related in any way to the facts of this Claim or litigation.

5. Any and all written communication between Defendant and any third party concerning the processing, acceptance, or denial of any portion of Plaintiff(s)' Claim.

6. Any and all materials, papers, documents, photographs or tangible things of any type relied upon by Defendant, other than the insurance Policy, as a basis for of the Claim.

7. Damage investigation summaries relating to, or regarding the subject Claim.

8. Copies of any and all estimates of damages to real property, personal property, expenses for removal for any coverage available under the subject property.

9. Copies of any and all documents that show payments made to Plaintiff(s), if any, on this Claim.

10. Any and all recorded statements and/or transcripts hereto given by the Plaintiff(s), or his agents, to the Defendant, or its agents.

11. Any and all statements taken by, for, or on behalf of the Defendant regarding the subject Claim for insurance.

12. Any materials, documents or tangible things provided to Defendant by the Plaintiff(s), or their agents, before the commencement of litigation in the matter.

13. All appraisals of loss or value of loss prepared by, for, or on behalf of the Defendant regarding the subject loss of the Plaintiff(s).

14. Copies of any diagrams, models, drawings, sketches, blueprints or any other reproduction of the subject risk made before or after the subject loss.

15. Copies of any and all Proofs of Loss forms submitted by Plaintiff(s), or their agents, to Defendant, with copies of all supporting documents.

16. A certified copy of the Policy.

17. All statements taken of Plaintiff(s).

18. All statements taken of all independent witnesses or other persons by the Insurance Company relating to coverage for Plaintiff(s)' Claim.

19. All documents reflecting communications between you and Plaintiff(s) relating to the Claim.

20. All photographs of the Property relating to the Claim, including any thermal imagery. With respect to this request, please also include the original JPEG or TIFF digital files, or digital image files converted directly from the native digital format, including all metadata.

21. All video recordings in original digital format, including any drone footage, along with all metadata, of the Property relating to the Claim.

22. All documents submitted to you by Plaintiff(s)relating to the Claim.

23. All diagrams, sketches and other drawings depicting the Property relating to the Claim.

24. All reports relating to the damage to the Property.

25. All estimates relating to the damage to the Property.

26. All documents relating to assessments as to the damage to the Property.

27. All documents reflecting negotiations for payment(s) of money relating to damage to the Property.

28. All documents relating to the coverages the Policy affords to Plaintiff(s).

29. All documents relating to your decision not to fully compensate Plaintiff(s)for their Claim.

30. All documents to and from adjusters and/or appraisers relating to coverage for Plaintiff(s)' Claim.

31. All photographs, inspection reports, or other documents relating to the condition of Plaintiff(s)' Property prior to Plaintiff(s)' Claim, including all inspection reports prepared by the Insurance Company before deciding to insure Plaintiff(s)' Property. With respect to photographs, please also include all original JPEG or TIFF format digital files, or digital image files converted directly from the native digital format, including all metadata.

32. All photographs, inspection reports, or other documents relating to the condition of Plaintiff(s)' Property subsequent to Plaintiff(s)' Claim. With respect to photographs, please also include all original JPEG or TIFF format digital files, or digital image files converted directly from the native digital format, including all metadata.

33. All documents confirming the dates and times that you inspected Plaintiff(s)' Property within the past 5 years.

34. All documents reflecting the areas of Plaintiff(s)' Property inspected within the past five years.

35. All documents reflecting the individuals that inspected Plaintiff(s)' Property on your behalf within the past five years.

36. The underwriting file for the Policy.

37. Any and all statements that can be attributed to Plaintiff(s), including, but not limited to, any claim log notes or entries memorializing, summarizing, transcribing, and/or documenting any statements made by Plaintiff during pre-suit in accordance with Florida Rule of Civil Procedure 1.280. Defendant may produce claim log notes redacted to exclude all other privileged information.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this October 18, 2023, I electronically filed the foregoing document with the **Florida Courts E-Filing Portal** via transmission of Notices of Electronic Filing generated by Florida Courts E-Filing Portal (eservice@myflcourtaccess.com).

/s/ Daniel M. Ilani
Daniel M. Ilani

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

BET MIDRASH OHR HA-CHAYIM HA-
KADOSH, INC.,                                        Case No.:

      Plaintiff(s),

vs.

AMERICAN ZURICH INSURANCE
COMPANY,

      Defendant.

_____/

### NOTICE OF SERVICE OF PLAINTIFF(S)' FIRST SET OF INTERROGATORIES TO DEFENDANT SERVED WITH THE COMPLAINT

      Pursuant to Florida Rule of Civil Procedure Rule 1.340, Plaintiff(s), BET MIDRASH OHR

HA-CHAYIM HA-KADOSH, INC., by and through the undersigned attorney, hereby propounds

the following Interrogatories on the Defendant, AMERICAN ZURICH INSURANCE

COMPANY ("Defendant"), to be answered in writing, under oath, and within 45 days after service

hereof.

      I HEREBY CERTIFY that a true and correct copy of this Notice, along with original and

copy of the Interrogatories were served with the Summons and Complaint.

> Respectfully submitted,
> **The Property People FL, P.A.**
> *Attorneys for Plaintiff(s)*
> 80 SW 8th Street, Suite 2590
> Miami, FL 33130
> Telephone: 844.776.7364
> E-Service: Service@PropertyPeopleLaw.com
> By: /s/ Daniel M. Ilani
> Daniel M. Ilani, Esq.
> Florida Bar No. 116189
> Email: Danny@PropertyPeopleLaw.com
> Nicole S. Houman, Esq.
> Florida Bar No. 1013527
> Email: Nicole@PropertyPeopleLaw.com

## Definitions

**A.**      When used herein "you" or "your" shall mean AMERICAN ZURICH INSURANCE COMPANY (hereinafter "Defendant"), its partners, agents, servants, employees, attorneys, expert witnesses, accountants, auditors and all persons over whom it has control or who have been hired, retained or employed for any purpose by it, whether directly by it or through any other person or entity.

**B.**      As used herein the term "document" or "documents" mean any and all information in tangible form and shall include, without limiting the generality of the foregoing, all letters, telegrams, telexes, teletypes, correspondence, contracts, drafts, agreements, notes to file, reports, memoranda, mechanical or electronic recordings or transcripts of such recordings, blueprints, flow sheets, calendar or diary entries, memoranda or telephone or personal conversations, memoranda of meetings or conferences, studies, reports, inter-office and intra-office communications, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, maps, etc.

**C.**      As used herein "communication" means the transmission, sharing or exchange of information or knowledge in any form, by one with another.

**D.**      As used herein the term "person" means any individual, corporation, partnership, joint venture, group, association, body politic, government agency, unit or other organization.

**E.**      To "identify a document" shall mean to state with respect thereto:

    **i.**      The identity of the person who prepared it;

    **ii.**      The identity of the person who signed it or in whose name it was issued;

    **iii.**      The identity of each person to whom it was addressed or distributed;

    **iv.**      The nature or substance of the document with sufficient particularity to enable it to be identified;

    **v.**      Its date, and if it bears no date, the date when it was prepared; and

    **vi.**      The physical location of the document and the custodian or custodian thereof.

**F.**      To "identify a person" with reference to a natural person means to give his name, his last known address and if employed, the name and address of his employer and his job title or position. To identify a person who is not an individual, means to state the name and principal office of such person.

## INTERROGATORIES

**1.**     Please state your name, address, and, if you are answering for someone else, your official position or relationship with the party to whom the interrogatories are directed.

**2.**     State the name, address, phone number and title of each person(s) who had any role, whatsoever, in analyzing or adjusting the insurance claim of Plaintiff(s), for the damages and claim which underlie this litigation, giving a brief description of each person's responsibilities and actions regarding this matter.

**3.**     Describe any and all policies of insurance which you contend cover or may cover the allegations set forth in Plaintiff(s)' Complaint, identifying the names of the insurer, the policy number, the available limits of liability, and the name and address of the custodian of the policy.

**4.**     Please state with specificity any and all defenses to coverage that you have in this matter, identifying any documents supporting your defenses to coverage.

**5.**     Please state with specificity any conditions precedent or subsequent to the Plaintiff(s)' claims that you contend have not been fulfilled by the Plaintiff(s), if any exist.

**6.**     Please state your reason(s) for your nonpayment and/or non-consideration of this claim.

**7.**     Please state the date that you received notice of this claim and the date that you received notice of the incident which is the subject of this matter.

**8.**     Identify any and all facts upon which you rely on for *each* affirmative defense in your Answer to the Plaintiff(s)' Complaint.

**9.**     Identify any and all documents upon which you relied on for your coverage determination in addition to *each* affirmative defense in your Answer to the Plaintiff(s)' Complaint.

**10.**     Do you contend any person or entity, other than you, is or may be liable in whole or in part for the claims asserted against you in this lawsuit? If so, state the full name and address of

each such person or entity, the legal basis for your contention, the facts of evidence upon which your contention is based, and whether or not you have notified each such person or entity of this contention.

11.   List the names, addresses, and telephone number of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; please specify the subject matter which the witness has knowledge of.

12.   State the name and address of every person known to you, your agents, or your attorneys who has knowledge about or possession, custody or control of any estimate of damage, model, plat, map, drawing, motion picture, video-tape, or photograph pertaining to any fact or issues involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

13.   Please provide a list of the names and current address of any and all individuals employed by or agents of the Defendant who were in any way involved with the handling of this claim, including those individuals who inspected, photographed or otherwise visited the subject property for any purpose after the subject date of loss but prior to the institution of this litigation. Please also provide a short statement of the persons knowledge and involvement.

14.   For any and all policy defenses which you reasonably believe are available with regards to the claim made by the Plaintiff(s) herein, describe in detail the factual and legal basis for such defenses and give complete names, residence addresses, business addresses, and telephone numbers of each person believed or known by you, your agents or attorneys, to have knowledge of the facts which would provide the basis for such defense.

15.   Please list any amounts that Defendant has paid to Plaintiff(s) to date for the subject claim and describe what each payment was specifically issued for.

16.     For each denied or withheld payment of claim listed above, state in detail the legal ground and factual basis upon which the claim was denied, the exact wording of any policy provisions, or the exact wording of any statutory language or case law upon which you base your denial of withholding of payment.

17.     State the names, residence addresses, and business addresses of any and all photographers, investigators, field adjusters, engineers, or videographers, which are in any way related to this lawsuit.

18.     State the names of any and all individuals that participated in the claim handling and coverage decision concerning the subject claim, including, but not limited to, Defendant's desk adjusters, field adjusters, and engineers.

19.     If you were unable to pay Plaintiff(s)' claim because you had insufficient information or the notice of claim did not have sufficient support, state (1) when you first realized that you had insufficient information, (2) each and every effort made by you to obtain the needed information, and (3) when you informed the Plaintiff(s) of the need for further information.

20.     Identify all expert witnesses you have retained or consulted which you will or may call to testify at the trial of this litigation and state the subject matter to which each is expected to testify.

21.     Identify all estimates and reports prepared by Defendant, or Defendant's agents, during its investigation and coverage determination of the subject claim, specifying the date and individual who prepared said estimate. This request includes, but is not limited to, any and all field adjuster(s) and engineer(s) estimates and reports.

**AMERICAN ZURICH INSURANCE COMPANY**

By:_____

Title:_____

STATE OF _____

COUNTY OF_____

     Sworn to and subscribed before me this _____ day of_____, 2020, by_____ as _____ of **AMERICAN ZURICH INSURANCE COMPANY**, who is personally known to me or who has produced _____as identification.

_____
Notary Public

_____
Name of Notary (Typed, Printed or Stamped)

My Commission Expires:

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

BET MIDRASH OHR HA-CHAYIM HA-
KADOSH, INC.,                                    Case No.:

     Plaintiff(s),

vs.

AMERICAN ZURICH INSURANCE
COMPANY,

     Defendant.

_____/

### PLAINTIFF(S)' FIRST REQUEST FOR PRODUCTION TO DEFENDANT
### SERVED WITH THE COMPLAINT

Pursuant to Florida Rule of Civil Procedure Rule 1.350, Plaintiff(s), BET MIDRASH OHR

HA-CHAYIM HA-KADOSH, INC., by and through the undersigned attorney, request Defendant,

AMERICAN ZURICH INSURANCE COMPANY ("Defendant"), to produce for inspection and

copying the following documents at the offices of the undersigned or, in the alternative, that the

Defendant mail copies of the same to the undersigned within 45 days after service hereof.

### Definitions and Instructions

**O.**    The terms "BET MIDRASH OHR HA-CHAYIM HA-KADOSH, INC." or

"Plaintiff(s)" mean Plaintiff(s), BET MIDRASH OHR HA-CHAYIM HA-KADOSH, INC.,

including all of their past and present partners, employees, agents, representatives, attorneys, and any

other person acting or purporting to act on their behalf.

**P.**    The term "Insurance Company" means Defendant, AMERICAN ZURICH

INSURANCE COMPANY, including all of its past and present affiliates, subsidiaries, and parent,

and all their respective officers, directors, shareholders, partners, employees, agents, representatives,

attorneys, and any other person acting or purporting to act on any of its behalf.

**Q.**     The term "Property" shall mean Plaintiff(s)' property located at 1720 Harrison St #2A/3A Hollywood, FL 33020.

**R.**     The term "Claim" means claim number 5630092755, for the loss to Plaintiff(s)' Property.

**S.**     "You" or "Your" shall mean Defendant, the Insurance Company, including its agents, employees or other servants (including independent contractors and subcontractors), attorneys, outside advisors or consultants, investigators, representatives of any kind and any other person acting on its behalf or for its benefit, either directly or indirectly.

**T.**     The term "communication" means the conveyance of information or knowledge by writing, orally or otherwise and includes, but is not limited to, writings, letters, memoranda, reports, notes, telegrams, interoffice communication electronic mail, audiotapes, videotapes, and computer programs and any form of electromagnetic storage.

**U.**     The term "document" means and includes any kind of written, typed, electronically produced or recorded or otherwise recorded and any graphic matter, however produced or reproduced, of any kind or description, whether sent or received, and every record of every type, including originals, non-identical copies and drafts, and both sides of any documentation where information appears on both sides, and including but not limited to: letters, correspondence, memoranda, meeting transcripts or minutes, public filings or tax returns, papers, books, telegrams, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, cables, telex messages, notes, notations, accountants' working papers, transcriptions, agendas, reports, recordings of telephone or other conversations, of interviews, of conferences or of meetings, telephone messages, diaries, indices, books, reports, ledgers, working papers, invoices, worksheets, receipts, computer printouts, financial statements, schedules affidavits, contracts, canceled checks, statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations

and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, affidavits, statements, summaries, opinions, reports, studies, analysis, evaluations, contracts, agreements, journals, statistical records, calendars, appointment books, diaries, lists, tabulations, sound recordings, computer print-outs, data processing input and output, microfilms, newspapers, magazines, books, periodicals or press releases, including information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored to which you have or had access. If any responsive information or documentation is stored on computer, then print out a hard or paper copy of such information or documentation or download such information or documentation to a floppy disk. "Document" shall also be deemed to include copies of documents even though the originals are not in your possession, custody or control; every copy of a document which contains handwritten or other notations or which otherwise does not duplicate the original of any other copy; and all attachments to any document. "Document" shall also be deemed to include any summary of a document or documents called for hereafter.

V.      As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neutral shall include each of the other genders.

W.      The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to make the request inclusive rather than exclusive. The term "all" means "any and all." The term "each" means "each and every," and the term "every" means "each and every."

X.      The terms "refer" or "relate to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

**Y.**     "Relating to" means embodying, pertaining to, concerning, involving, constituting, comprising, reflecting, discussing, evidencing, referring to, consisting of, or having any logical or factual connection whatever with the subject matter in question.

**Z.**     If you claim that the attorney-client or other privilege or attorneys' work product doctrine is applicable to any document the identification of which is sought by these requests, then with respect to each such document, state its date, author(s), recipient(s), present and all previous custodians, location, subject matter, and sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

**AA.**     If you claim that the attorney-client or other privilege or the attorneys' work product doctrine is applicable to any event, occurrence, or communications, including any oral communication, the identification of which is sought by these requests, then with respect to each such event or occurrence, state its date, place and length, identify all persons present at all or any part of the event or occurrence; identify all documents that record, refer, or relate to the event or occurrence; state the subject matter of the event or occurrence; and provide sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

**AB.**     If any document the identification of which is sought by these requests has been destroyed, then state the date and circumstances of its destruction, and identify the person who destroyed the documents and the person who ordered its destruction.

## ITEMS TO BE PRODUCED

**1.** A certified copy of the Policy.

**2.** All statements taken of Plaintiff(s).

**3.** All statements taken of all independent witnesses or other persons by the Insurance Company relating to coverage for Plaintiff(s)' Claim.

**4.** All documents reflecting communications between you and Plaintiff(s) relating to the Claim.

**5.** All photographs of the Property relating to the Claim, including any thermal imagery. With respect to this request, please also include the original JPEG or TIFF digital files, or digital image files converted directly from the native digital format, including all metadata.

**6.** All video recordings in original digital format, including any drone footage, along with all metadata, of the Property relating to the Claim.

**7.** All documents submitted to you by Plaintiff(s) relating to the Claim.

**8.** All diagrams, sketches and other drawings depicting the Property relating to the Claim.

**9.** All reports relating to the damage to the Property.

**10.** All estimates relating to the damage to the Property.

**11.** All documents relating to assessments as to the damage to the Property.

**12.** All documents reflecting negotiations for payment(s) of money relating to damage to the Property.

**13.** All documents relating to the coverages the Policy affords to Plaintiff(s).

**14.** All documents relating to your decision not to fully compensate Plaintiff(s) for their Claim.

15.     All documents to and from adjusters and/or appraisers relating to coverage for Plaintiff(s)' Claim.

16.     All photographs, inspection reports, or other documents relating to the condition of Plaintiff(s)' Property prior to Plaintiff(s)' Claim, including all inspection reports prepared by the Insurance Company before deciding to insure Plaintiff(s)' Property. With respect to photographs, please also include all original JPEG or TIFF format digital files, or digital image files converted directly from the native digital format, including all metadata.

17.     All photographs, inspection reports, or other documents relating to the condition of Plaintiff(s)' Property subsequent to Plaintiff(s)' Claim. With respect to photographs, please also include all original JPEG or TIFF format digital files, or digital image files converted directly from the native digital format, including all metadata.

18.     All documents confirming the dates and times that you inspected Plaintiff(s)' Property within the past five years.

19.     All documents reflecting the areas of Plaintiff(s)' Property inspected within the past five years.

20.     All documents reflecting the individuals that inspected Plaintiff(s)' Property on your behalf within the past five years.

21.     The underwriting file for the Policy.

22.     All documents relied upon in rendering Defendant's coverage determination.

23.     Any and all statements that can be attributed to Plaintiff(s), including, but not limited to, any claim log notes or entries memorializing, summarizing, transcribing, and/or documenting any statements made by Plaintiff(s) during pre-suit in accordance with Florida Rule of Civil Procedure 1.280. Defendant may produce claim log notes redacted to exclude all other privileged information.

Respectfully submitted,

**The Property People FL, P.A.**
*Attorneys for Plaintiff(s)*
80 SW 8th Street, Suite 2590
Miami, FL 33130
Telephone: 844.776.7364
E-Service: Service@PropertyPeopleLaw.com

By: /s/ Daniel M. Ilani
Daniel M. Ilani, Esq.
Florida Bar No. 116189
Email: Danny@PropertyPeopleLaw.com
Nicole S. Houman, Esq.
Florida Bar No. 1013527
Email: Nicole@PropertyPeopleLaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this October 18, 2023, I electronically filed the foregoing document with the **Florida Courts E-Filing Portal** via transmission of Notices of Electronic Filing generated by Florida Courts E-Filing Portal (eservice@myflcourtaccess.com).

/s/ Daniel M. Ilani
Daniel M. Ilani

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

BET MIDRASH OHR HA-CHAYIM HA-
KADOSH, INC.,                                    Case No.:

       Plaintiff(s),

vs.

AMERICAN ZURICH INSURANCE
COMPANY,

       Defendant.

_____/

## PLAINTIFF(S)' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SERVED WITH THE COMPLAINT

Pursuant to Florida Rule of Civil Procedure Rule 1.370, Plaintiff(s), BET MIDRASH OHR HA-CHAYIM HA-KADOSH, INC., by and through the undersigned attorney, request Defendant, AMERICAN ZURICH INSURANCE COMPANY ("Defendant"), admit the following to the undersigned within 45 days after service hereof.

### Definitions and Instructions

**A.**    The terms "BET MIDRASH OHR HA-CHAYIM HA-KADOSH, INC." or "Plaintiff(s)" mean Plaintiff(s), BET MIDRASH OHR HA-CHAYIM HA-KADOSH, INC., including all of their past and present partners, employees, agents, representatives, attorneys, and any other person acting or purporting to act on their behalf.

**B.**    The term "Insurance Company" or "Defendant" means Defendant, AMERICAN ZURICH INSURANCE COMPANY, including all of its past and present affiliates, subsidiaries, and parent, and all their respective officers, directors, shareholders, partners, employees, agents, representatives, attorneys, and any other person acting or purporting to act on any of its behalf.

**C.**    The term "Property" shall mean Plaintiff(s)' home located at 1720 Harrison St #2A/3A Hollywood, FL 33020.

**D.**     The term "Claim" means claim number 5630092755, for the loss to Plaintiff(s)' Property.

**E.**     "You" or "Your" shall mean Defendant, the Insurance Company, including its agents, employees or other servants (including independent contractors and subcontractors), attorneys, outside advisors or consultants, investigators, representatives of any kind and any other person acting on its behalf or for its benefit, either directly or indirectly.

**F.**     The term "communication" means the conveyance of information or knowledge by writing, orally or otherwise and includes, but is not limited to, writings, letters, memoranda, reports, notes, telegrams, interoffice communication electronic mail, audiotapes, videotapes, and computer programs and any form of electromagnetic storage.

**G.**     The term "document" means and includes any kind of written, typed, electronically produced or recorded or otherwise recorded and any graphic matter, however produced or reproduced, of any kind or description, whether sent or received, and every record of every type, including originals, non-identical copies and drafts, and both sides of any documentation where information appears on both sides, and including but not limited to: letters, correspondence, memoranda, meeting transcripts or minutes, public filings or tax returns, papers, books, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules,, notes, notations, accountants' working papers, transcriptions, agendas, reports, recordings of telephone or other conversations, of interviews, of conferences or of meetings, telephone messages, ibooks, reports, ledgers, working papers, invoices, worksheets, receipts, computer printouts, financial statements, schedules affidavits, contracts, canceled checks, statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, affidavits, statements, summaries, opinions, reports, studies, analysis, evaluations,

contracts, agreements, journals, statistical records, calendars, data processing input and output, microfilms, newspapers, magazines, books, periodicals or press releases, including information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored to which you have or had access. "Document" shall also be deemed to include copies of documents even though the originals are not in your possession, custody or control; every copy of a document which contains handwritten or other notations or which otherwise does not duplicate the original of any other copy; and all attachments to any document. "Document" shall also be deemed to include any summary of a document or documents called for hereafter.

H.      As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neutral shall include each of the other genders.

I.      The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to make the request inclusive rather than exclusive. The term "all" means "any and all." The term "each" means "each and every," and the term "every" means "each and every."

J.      The terms "refer" or "relate to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

K.      "Relating to" means embodying, pertaining to, concerning, involving, constituting, comprising, reflecting, discussing, evidencing, referring to, consisting of, or having any logical or factual connection whatever with the subject matter in question.

L.      If you claim that the attorney-client or other privilege or attorneys' work product doctrine is applicable to any document the identification of which is sought by these requests, then with respect to each such document, state its date, author(s), recipient(s), present and all previous

custodians, location, subject matter, and sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

**M.**     If you claim that the attorney-client or other privilege or the attorneys' work product doctrine is applicable to any event, occurrence, or communications, including any oral communication, the identification of which is sought by these requests, then with respect to each such event or occurrence, state its date, place and length, identify all persons present at all or any part of the event or occurrence; identify all documents that record, refer, or relate to the event or occurrence; state the subject matter of the event or occurrence; and provide sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

### PLAINTIFF(S)' FIRST REQUEST FOR ADMISSIONS

**1.**     The insured had a property insurance policy with AMERICAN ZURICH INSURANCE COMPANY (hereinafter the "Policy") that was in full force and effect on March 14, 2023 for the property at 1720 Harrison St #2A/3A Hollywood, FL 33020 (hereinafter the "Property").

**2.**     The Policy issued by Defendant provided coverage for damage caused to the Property as a result of the property damage that occurred on March 14, 2023.

**3.**     Defendant was notified of the loss pursuant to the terms and condition of the Policy.

**4.**     Defendant was timely notified of the claim that is at issue in this case.

**5.**     Defendant was provided an estimate of damages, the ability to inspect the loss, and photographs of the damages.

**6.**     Defendant by and or through its agents authored, accepted and/or drafted the insurance policy at issue in this action and that Defendant has a true and correct copy of the subject insurance policy in its possession.

**7.**     Florida and local law are applicable to, and are incorporated into, the policy issued to the Insured.

**8.**     Defendant's field adjuster inspected the property at issue in this lawsuit for claim number 5630092755 in the routine course of business.

**9.**     Defendant's file and "log notes" for the insured property were kept in the ordinary course of business.

**10.**     Defendant's field adjuster's initial inspection concerning the property at issue in this lawsuit for claim number 5630092755 was not in anticipation of litigation.

**11.**     Defendant, insurer, received a request for a copy of the recorded statement given by the Plaintiff(s)/Insured.

**12.** Defendant received Plaintiff(s)'Invoice(s) for charges to repair the property.

**13.** Defendant failed to indemnify Plaintiff(s)for the amount on Plaintiff(s)' invoices or estimates for the repairs.

**14.** Defendant had an opportunity to inspect the property prior to issuing the subject Policy.

**15.** Defendant retained a field adjuster who inspected the property.

**16.** Defendant's field adjuster wrote an estimate of damages.

**17.** Defendant did not pay the amounts as requested by the Plaintiff(s).

**18.** The Policy at issue covers damages resulting from subject loss described in the Complaint.

**19.** The Dwelling sustained direct physical damage while the Policy was in full force and effect.

**20.** Plaintiff(s) did not cause prejudice to Defendant during its investigation of the claim.

**21.** As of the date of this lawsuit, there were no outstanding request by Defendant for documents or information in connection with its investigation and adjustment of the claim.

**22.** Plaintiff(s) complied with all duties after a loss pursuant to the Policy.

**23.** The Policy provides coverage for any and all sudden and accidental physical damage to the Dwelling that is not otherwise excluded or excepted by the policy.

**24.** The Policy provides coverage for "all risks" of loss to the Dwelling.

**25.** The Policy provides benefits on a "Replacement Cost Value" basis for covered losses to the Dwelling subject to the policy limits.

**26.** In the event of a covered loss to the Dwelling, the Policy provides benefits to repair or replace damaged or destroyed property, without deducting for depreciation.

27.     In the event of a covered loss to the Dwelling, the Policy requires Defendant to pay benefits on a "Replacement Cost Value" basis, irrespective of whether Plaintiff(s) completes repairs or replaces the damaged property.

Respectfully submitted,

**The Property People FL, P.A.**
*Attorneys for Plaintiff(s)*
80 SW 8th Street, Suite 2590
Miami, FL 33130
Telephone: 844.776.7364
E-Service: Service@PropertyPeopleLaw.com

By: /s/ Daniel M. Ilani
Daniel M. Ilani, Esq.
Florida Bar No. 116189
Email: Danny@PropertyPeopleLaw.com
Nicole S. Houman, Esq.
Florida Bar No. 1013527
Email: Nicole@PropertyPeopleLaw.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this October 18, 2023, I electronically filed the foregoing document with the **Florida Courts E-Filing Portal** via transmission of Notices of Electronic Filing generated by Florida Courts E-Filing Portal (eservice@myflcourtaccess.com).

/s/ Daniel M. Ilani
Daniel M. Ilani

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

BET MIDRASH OHR HA-CHAYIM HA-
KADOSH, INC.,                                    Case No.:

      Plaintiff(s),

vs.

AMERICAN ZURICH INSURANCE
COMPANY,

      Defendant.

_____/

## <u>CIVIL ACTION SUMMONS</u>

**STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:**

      **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint in this action on defendant:

**AMERICAN ZURICH INSURANCE COMPANY
C/O CHIEF FINANCIAL OFFICER
200 E. GAINES STREET
TALLAHASSEE, FLORIDA 32399**

Defendant is required to serve written defenses to the Complaint on Plaintiff(s)' attorney, to wit: PROPERTY PEOPLE FL, P.A., 117 NE 1ST AVE, UNIT 15-104, MIAMI, FL 33130, SERVICE@PROPERTYPEOPLELAW.COM, within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff(s)' attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

      **DATED ON** _____

                                   Clerk of the Court

                           By:_____
                                     As Deputy Clerk